# UNITED STATES DISTRICT COURT
for the
Eastern District of California



FILED
OCT 15 2018
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

| | ) | |
|---|---|---|
| In the Matter of the Search of | ) | |
| 426 Washington Avenue | ) | Case No. 2:18-SW-0825 AC |
| West Sacramento, California (Subject Premises) | ) | |
| including any Apple iPhones and HTC wireless telephones | ) | |
| located therein ("Premises Devices"). | ) | |
| | ) | |

SEALED

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the   Eastern   District of   California
*(identify the person or describe the property to be searched and give its location):*

**SEE ATTACHMENT A-2, attached hereto and incorporated by reference.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference.**

**YOU ARE COMMANDED** to execute this warrant on or before   Oct. 12, 2018   *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to: <u>any authorized U.S. Magistrate Judge in the Eastern District of California.</u>

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
  ☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   9/28/18 9:00 a   _____
                                          *Judge's signature*

City and state:   Sacramento, California   Allison Claire, U.S. Magistrate Judge
                                          *Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed:<br>10/05/2018  6:30 Am | Copy of warrant and inventory left with:<br>WARRANT LEFT AT RESIDENCE |
| Inventory made in the presence of :<br>NO ITEMS SEIZED | | |
| Inventory of the property taken and name of any person(s) seized:<br><br>NO ITEMS SEIZED | | |

**Certification**

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

_____

Subscribed, sworn to, and returned before me this date.

_____              10-15-18
Signature of Judge                              Date

## ATTACHMENT A2

*Property to be searched*

The property to be searched is located at 426 Washington Avenue, West Sacramento, California ("Subject Premises"), including any Apple iPhones and HTC wireless telephones located therein ("Premises Devices"). The Subject Premises is further described as a beige-colored, single-story rambler style structure with the number "426" affixed to the right side of the front door.



This warrant authorizes the forensic examination of the Premises Devices for the purpose of identifying the electronically stored information described in Attachment B.

# ATTACHMENT B

*Particular things to be seized*

1. All records and information on the Subject Devices described in Attachment A1 and Premises Devices described in Attachment A2 (collectively, "Devices") that relate to violations of Title 18, United States Code, Sections 111(a) (assault on a federal officer), 922(g) (felon in possession of firearm), and 924(c) (possession of a firearm in furtherance of drug trafficking), and Title 21, Sections 841(a)(1) (distribution of controlled substances), 843(b) (use of a telephone to commit a felony drug offense), and 846 (conspiracy to possess with intent to distribute controlled substances) (collectively, "Subject Offenses"), those violations involving Dustin Joseph Albini, aka Bredt Dustin Joseph Albini, aka Dustin Joseph Albini-Bredt, including records and information relating to:

   a. A marijuana grow operation in Modoc County, California, including any law enforcement interaction occurring in or around the grow operation;

   b. Assault of law enforcement personnel;

   c. The manufacture, acquisition, distribution, and sale of controlled substances;

   d. The acquisition, possession, and disposition of firearms;

   e. The identities and locations of co-conspirators, victims, and others involved in or affected by any of the Subject Offenses;

   f. Efforts to avoid detection by law enforcement in connection with the Subject Offenses;

   g. Address books, appointment books, calendars, and schedules;

   h. Who used, owned, or controlled the Devices at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," text messages, instant messaging logs, photographs, and correspondence;

   i. How and when the Devices were accessed or used to determine the chronological context of device access, use, and events relating to crimes under investigation and to the user(s) of the Devices;

  j. The Devices' user's or users' state(s) of mind as related to the Subject Offenses;

  k. Counter-forensic programs (and associated data) that are designed to eliminate data from the Devices;

  l. Passwords, encryption keys, and other access devices that may be necessary to access the Devices;

  m. Documentation and manuals that may be necessary to access the Devices or to conduct a forensic examination of the Devices;

  n. Internet Protocol addresses used by the Devices;

  o. Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user(s) entered into any Internet search engine, and records of user-typed web addresses; and

  p. Contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may be stored, including any form of electronic storage and any photographic and videographic form, and include communications in whatever form and however stored (including, but not limited to, text messages and emails).